J. Christopher Alexander, Sr.
Alexander Law Firm
8480 Bluebonnet Boulevard, Suite G
Baton Rouge, La 70810
(225) 761-9456

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

------------------------------------x
                                    x
DANE BEARY                          x
                                    x
                Plaintiff,          x    CIVIL ACTION NO. _____
                                    x
     -against-                      x
                                    x    04-348 D·M1
STATE OF LOUISIANA, THROUGH         x
THE DEPARTMENT OF CORRECTIONS;      x
EAST BATON ROUGE PARISH             x
SHERIFF'S OFFICE; ELMER             x
LITCHFIELD, SHERIFF, EAST BATON     x
ROUGE PARISH; WEST BATON PARISH     x
SHERIFF'S OFFICE; MIKE CAZES,       x
SHERIFF WEST BATON ROUGE PARISH;    x
DEPUTY SHERIFF ROB FAVROT;          x
DEPUTY SHERIFF JOHN DOE; EVA        x
CROTCHET; and SHARON RAMBIN         x
BEARY                               x
                                    x
                                    x
                                    x
                Defendants.         x
------------------------------------x

**PRELIMINARY STATEMENT**

1. This is a civil rights action in which the plaintiff, DANE BEARY (hereinafter "plaintiff"), seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §1983, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, and for rights secured under the laws and Constitution of the State of Louisiana.

2. Plaintiff was arrested and incarcerated for forty nine (49) days after allegedly failing to honor a facially invalid, illegal, and unconstitutional subpoena ordering his appearance in the 18th Judicial District Court, parish of West Baton Rouge. Because the subpoena at issue was invalid, the arresting officers lacked the requisite probable cause to later arrest plaintiff for his failure to honor said subpoena. Probable cause is absolutely required to effect a custodial arrest under the U.S. and Louisiana Constitutions. Plaintiff's arrest in the instant case was humiliatingly invasive, unconstitutional, and flatly prohibited by settled Federal and State Law.

3. Further, it is averred that the plaintiff had been previously arrested after allegedly failing to honor the same invalid subpoena and had posted bond. Hence, the defendants twice illegally deprived the plaintiff of his liberty, the second time for forty nine (49) days as the *direct result of ex parte communication with the 18th Judicial District Court.* The plaintiff was neither advised of nor invited to participate in these communications which resulted in his arrest and incarceration.

4. Further, it is averred defendants have a wholesale policy, practice and custom of securing and executing arrest warrants pursuant to alleged violations of invalid subpoenas and notices issued in violation of the "due notice" requirements

2

under the Fourth and Fourteenth Amendments to the United States Constitution.

5. The plaintiff seek damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

6. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. Sec. 1983.

7. Jurisdiction is conferred upon this Court by 28 U.S.C. §§1331, 1343 (3) and (4) this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

8. Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C. §§2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

9. The plaintiff further invokes this Court's pendent jurisdiction, pursuant to 28 U.S.C. Sec. 1367(a), over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

## VENUE

10. Venue is proper for the United States District Court

for the Middle District of Louisiana pursuant to 28 U.S.C. §1391 (a), (b) and )).

**JURY DEMAND**

11. The plaintiff demands a trial by jury on each and every one of his claims as pled herein.

**PARTIES**

12. The plaintiff, DANE BEARY, is a citizen of the United States, and is and was at all times relevant herein a domiciliary of the City of Baton Rouge, Parish of East Baton Rouge, State of Louisiana.

13. Defendant, STATE OF LOUISIANA, through the DEPARTMENT OF CORRECTIONS, was, at all times pertinent herein, the owner, operator, and employer, respectively, of each and every law enforcement entity named as defendant herein. Defendant STATE OF LOUISIANA enjoys ultimate supervisory, regulatory, and corrective authority over each and every law enforcement entity or personnel named here, and bears ultimate liability for the tortious and illegal conduct of same.

4. EAST BATON ROUGE PARISH SHERIFF'S OFFICE (hereinafter "EBRSO") is a municipality/political subdivision organized and existing under the laws of the State of Louisiana. At all times relevant hereto, defendant, acting under authority granted by the State of Louisiana, was responsible for the policy, practice, supervision, implementation, and conduct of all official matters

4

and was responsible for the appointment, training, supervision, and conduct of all personnel employed by the EBRSO. In addition, at all relevant times, defendant EBRSO was responsible for ensuring that EBRSO personnel obeyed the Constitution and laws of the United States and of the State of Louisiana.

15. Defendant ELMER LITCHFIELD (hereinafter "LITCHFIELD") is both an employee and the Sheriff of the EBRSO, and, as such, enjoys formal authority and control over the conduct of EBRSO personnel. LITCHFIELD is a policy-maker with respect to the official modus operandi of the EBRSO, including the specific conduct complained of herein. LITCHFIELD'S principal place of business is 300 North Boulevard, Baton Rouge, Louisiana 70805. LITCHFIELD is sued in his individual and official capacities.

16. Defendant WEST BATON ROUGE PARISH SHERIFF'S OFFICE (hereinafter "WBRSO") is a municipality/political subdivision organized and existing under the laws of the State of Louisiana. At all times relevant hereto, defendant, acting under authority granted by the State of Louisiana, was responsible for the policy, practice, supervision, implementation, and conduct of all official matters, and was responsible for the appointment, training, supervision, and conduct of all personnel employed by WBRSO. In addition, at all relevant times the defendant WBRSO was responsible for ensuring that WBRSO personnel obeyed the Constitution and laws of the United States and of the State of

5

Louisiana.

17. Defendant MIKE CAZES (hereinafter "CAZES") is both an employee and the Sheriff of the WBRSO, and, as such, enjoys formal authority and control over the conduct of WBRSO personnel. CAZES is a policy maker with respect to the official modus operandi of the WBRSO, including the conduct complained of herein. CAZES' principal place of business is 850 8th Street, Port Allen, Louisiana 70767. CAZES is sued in his individual and official capacity.

18. At all times relevant herein, defendant ROB FAVROT (hereinafter "FAVROT") was a Deputy Sheriff employed by defendant WBRSO who implemented, enforced, and/or effectuated on at least one(1) occasion a deprivation of petitioner's liberty, which deprivation forms a part of the subject of this action, acting in the capacity of agent, servant and employee of the defendant WBRSO, and within the scope of his employment as such. FAVROT is sued in his official and individual capacity.

18. At all times relevant herein, defendant JOHN DOE (hereinafter "DOE") was a Deputy Sheriff employed by EBRSO who created and served upon the plaintiff the invalid subpoena which ultimately resulted in plaintiff's arrest which is the subject of this action, acting in the capacity as agent, servant, and employee of the defendant EBRSO, and within the scope of his employment as such. The plaintiff is unable to determine the

6

name of this defendant at this time and thus sues him under a fictitious designation. John Doe #1 is sued in his individual and official capacity.

19. At all times relevant herein, Defendant SHARON RAMBIN BEARY (Hereinafter "BEARY") was instrumental in effecting the second illegal arrest of the plaintiff as the direct result of ex parte communications with the 18th Judicial District Court. BEARY is solidarily and jointly liable <u>in toto</u> for each violation of the plaintiff's constitutional and state law rights alleged herein. BEARY is sued in her personal capacity.

20. At all relevant times herein, Defendant EVA CROTCHET (hereinafter "CROTCHET") engaged in direct ex parte communications with the 18th Judicial District Court, prima facie proof of which appears in the form of her own correspondence to the Court. CROTCHET is solidarily liable <u>in toto</u> for each violation of the plaintiff's constitutional and state law rights alleged herein. CROTCHET is sued in her personal capacity.

21. At all times relevant herein, the individual law enforcement officers named as defendants herein were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the employers named herein, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on

7

behalf of their respective employers at all times relevant herein with the power and authority vested in them as officers, agents and employees of their respective employers and incidental to the lawful pursuit of their duties as officers, employees and agents of their respective employers.

**STATEMENT OF FACTS**

**The subpoena at issue in this case was facially invalid.**

22. The United State Constitution as codified in La. C.C.P. art. 225 (A) provides that a defendant may not be held in contempt of court for violation of a subpoena to appear unless he has been given, *at a minimum,* forty eight hours notice of the hearing within which to prepare a defense. The prevailing and well settled jurisprudence holds that failure to provide reasonable notice is not a merely technical error with no attendant consequences, but is a fundamental violation of constitutional due process under the fourteenth amendment which renders the subpoena invalid on its face.

23. At all relevant times herein, defendants had constructive or actual knowledge that the subpoena at issue was constitutionally defective in that it failed to provide even the minimally required notice to the plaintiff. Moreover, the defendants had constructive or actual knowledge of well settled law that they may not effect a custodial arrest as the result of an individual's refusal to honor an unlawful subpoena, or permit

8

enforcement of a practice or custom of arresting defendants generally as the result of their violating an unlawful subpoena. The defendants had constructive or actual knowledge that a facially invalid arrest warrant does not create probable cause to arrest. Further, the defendants had actual or constructive knowledge that the arrest warrant which resulted in plaintiff's prolonged incarceration resulted from clearly impermissible ex parte communications between the defendants and the 18th Judicial District Court.

24. On information and belief, the defendants' policy, practice and custom of arresting individuals as a result of the latters' refusal to honor unlawful subpoenas has been promulgated, effectuated, and/or enforced in bad faith and contrary to clearly established law.

25. In defiance of the clear constitutional command, the defendants have, at all times relevant herein, promulgated, implemented, enforced, and/or failed to rectify a policy, practice and custom allowing enforcement of arrest warrants issued pursuant to unlawful subpoenas, without proper oversight or any corrective action whatever. This policy or custom has resulted in the illegal arrest and incarceration of numerous individuals.

26. As a direct and proximate result of the unlawful arrest effected pursuant to this policy or custom, the plaintiff has

Case 3:04-cv-00348-JJB-SCR   Document 1   05/25/04   Page 9 of 17

suffered psychological pain, suffering and mental anguish.

**The Unlawful Arrest of the Plaintiff.**

27. On March 12, 2003 defendant BEARY filed a Rule for Contempt against the plaintiff in the 18th Judicial District Court for the plaintiff's alleged failure to pay child support in a timely manner. The rule was eventually set for hearing on June 16, 2003.

28. On June 15, 2003 at approximately 5:30 p.m the plaintiff was served in Baton Rouge with a subpoena to appear at the June 16, 2003 hearing. The plaintiff was given approximately seventeen (17) hours notice of the rule. At the time he was served with the subpoena, the plaintiff was at his parents' home visiting his minor children for Father's Day.

29. At the time he was served with the subpoena, the plaintiff was a PhD. Student at the University of Southern Mississippi. The plaintiff had important clinical and academic deadlines to meet the week of June 15, 2003. The plaintiff's failure to meet those deadlines could have resulted in serious consequences to his academic and professional future, including the possible loss of his academic scholarship and/or suspension from the Doctoral Program. Since he had no time to make alternative school arrangements, the plaintiff returned to Mississippi on the evening of June 15, 2003 and missed the rule held on June 16, 2003.

10

30. On June 16, 2003, the plaintiff was held in contempt of the 18th Judicial District Court and a warrant was issued for his arrest. The plaintiff was arrested upon his return to Baton Rouge. The plaintiff posted bond with the help of his father, who missed an entire day of work securing the plaintiff's release from prison. The plaintiff was given a court date of November 4, 2003 to defend the rule to show cause originally set for June 16, 2003.

31. Following his release from prison, the plaintiff returned to Mississippi to continue his studies. On September 23, 2003, the 18th Judicial District Court issued a *second (2nd) arrest warrant* for the plaintiff for violation of the same subpoena for which the plaintiff had been previously arrested. This arrest warrant was issued as the direct result of *impermissible ex parte communications between defendant BEARY, defendant CROTCHET, and the 18th Judicial District Court*. Neither the plaintiff nor his counsel was aware of these communications. The plaintiff was arrested by Mississippi law enforcement shortly thereafter, and remained incarcerated in a Mississippi jail for thirty five (35) days.

32. The plaintiff was eventually extradited to West Baton Rouge Parish, where he served an additional twelve(12)days in the West Baton Rouge Parish Prison.

33. On or about October 23, 2003, counsel for the plaintiff

11

filed a <u>Motion To Withdraw Bench Warrant, And Request For Expedited Rule To Show Cause</u> in order to effect the plaintiff's release from prison. On November 10, 2003, the 18th Judicial Court inexplicably denied the plaintiff's motion. The Court nonetheless withdrew the bench warrant ostensibly because defendant BEARY agreed to do so. As of November 10, 2003 the plaintiff had served forty seven (47) days in jail.

34. Although the bench warrant was recalled on November 10, 2003 at approximately 9:30 a.m., the plaintiff was not released from jail until November 12, 2003 at approximately 10:30 a.m. This significant delay between the Court's withdrawal of the bench warrant and the plaintiff's release from jail is further evidence of the defendants' callous and reckless disregard for the plaintiff's constitutional rights.

35. Prior to the plaintiff's final release, the plaintiff asked personnel at WBRP Prison whether he could call his father and request a ride home and some clothing to wear. Prison officials denied the plaintiff's request and ushered him out of the prison in a t-shirt, boxer shorts, and a pair of socks, leaving the plaintiff to fend for himself with no clothes and no transportation. The manner in which the plaintiff was released from incarceration was humiliating, degrading, and is further evidence of the defendants' reckless disregard for the plaintiff's well-being and legal rights.

12

36. As a direct and proximate result of the unlawful arrest effected by defendants, the plaintiff has suffered and continues to suffer psychological pain, suffering and mental anguish.

### FIRST CLAIM
42 U.S.C. Section 1983
(Against All Law Enforcement Officials)

37. The plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 36 as if fully set forth herein.

38. By arresting the plaintiff without probable cause and a valid arrest warrant, and without any other legally sufficient justification, all defendants named as law enforcement officials have deprived the plaintiff of rights, remedies, privileges and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, and of rights guaranteed by the Fourth and Fourteenth Amendment of the United States Constitution, conspired among themselves to do so (in the form of impermissible ex parte communications), and failed to prevent one another from doing so.

39. The conduct and actions of all the defendants named as law enforcement officers were done under color of state law and in their individual and official capacities and within the scope of their employment. Said acts by said defendants were beyond the scope of their jurisdiction, without authority of law, and an abuse of their powers, and said defendants acted willfully,

13

knowingly, and with the specific intent to deprive the plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

40. As a direct and proximate result of the misconduct and abuse of authority detailed above, the plaintiff has suffered and continues to suffer psychological pain, suffering and mental anguish.

**SECOND CLAIM**
Pendent State Law Claim
(Against All Defendants)

41. The plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 40 as if fully set forth herein.

42. By the actions described above, each and all of the defendants, jointly and severally, committed the tort, under the laws of the State of Louisiana, of intentional infliction of emotional distress, false arrest, false detention, and battery against the plaintiff, in that the defendants intended to and did arrest the defendant and detain him for forty nine (49) days, which detention was patently illegal, and further that the defendants did cause the plaintiff severe emotional distress, and the defendants' acts were outrageous in the extreme and utterly unacceptable in a civilized society.

43. As a direct and proximate result of the misconduct and

14

abuse of authority detailed above, the plaintiff has suffered and continues to suffer severe academic and professional repurcussions, psychological pain, suffering and mental anguish.

44. Under the doctrine of respondeat superior, the State of Louisiana, EBRSO, and WBRSO, are responsible for the tortious acts of the individual employees of same named herein.

**WHEREFORE**, the plaintiff demands the following relief jointly, severally, and solidarily against all of the defendants:

    a. Compensatory damages for plaintiff in an amount to be determined at trial;

    b. Punitive damages for the plaintiff against the individual defendants in an amount to be determined at trial;

    c. The convening and empaneling of a jury to consider the merits of the claims herein;

    d. A court order, pursuant to 42 U.S.C. §1988, that the plaintiff is entitled to the costs involved in maintaining this action and attorneys's fees;

    e. Such other and further relief as this court may deem appropriate and equitable, including injunctive and

declaratory relief as may be required in the interests of justice.

Dated:   Baton Rouge, Louisiana
         May 25, 2004

                                ALEXANDER LAW FIRM

                                By: _____
                                J. CHRISTOPHER ALEXANDER
                                (26591)
                                8480 Bluebonnet Blvd., Ste. G
                                Baton Rouge, Louisiana 70810
                                (225) 761-9456

                                Attorney for the Plaintiff

**SERVICE INFORMATION**

State of Louisiana, Louisiana Department of Corrections, through:
Attorney General Charles C. Foti, Jr.
State Capitol 22nd Floor
Baton Rouge, La 70804-9005

Elmer Litchfield, Sheriff, EBRP Sheriff's Office, through:
Attorney General Charles C. Foti, Jr.
State Capitol, 22nd Floor
Baton Rouge, La 70804-9005

Mike Cazes, Sheriff, WBRP Sheriff's Office, through:
Attorney General Charles C. Foti, Jr.
State Capitol, 22nd Floor
Baton Rouge, La 70804-9005

*Continue on page 17*

Rob Favrot, Deputy Sheriff, WBRP Sheriff's Office
850 8th Street
Port Allen, La 70767

Eva Crotchet
522 Maryland Avenue
Port Allen, La 70767

Sharon Rambin Beary
369 Georgia Avenue
Port Allen, La 70767

Louisiana Office of Risk Management
Claiborne Building, Suite G-192
1201 North Third Street
Baton Rouge, La 70802